Charles J. Kocher, Esq. (NJ ID 016952004)
Tyler J. Burrell, Esq. (NJ ID 377942021)
Gaetano J. DiPersia, Esq. (NJ ID 442152023)
McOMBER McOMBER & LUBER, P.C.
50 Lake Center Drive, Suite 400
Marlton, NJ 08053
(856) 985-9800
*Attorneys for Class Representative Plaintiff*
*Anna V. Alonzo, for herself and all others similarly*
*situated for the Rule 23(b)(3) Class*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNA V. ALONZO, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REFRESCO BEVERAGES US INC.,<br><br>Defendants. | CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>Civil Action No.: |

## CLASS ACTION COMPLAINT
## <u>AND DEMAND FOR JURY TRIAL</u>

Plaintiff Anna V. Alonzo ("Plaintiff") brings this action individually and on

behalf of all others similarly situated against Defendant Refresco Beverages US Inc.

("Defendant" or "Refresco") and alleges the following:

### NATURE OF THE ACTION

1.     This Complaint is brought by Plaintiff and those similarly situated

against Refresco because of its failure to adequately protect the sensitive personal

and confidential information of thousands of its employees, including, but not limited to the employees': home addresses, email addresses, dates of birth, and Social Security numbers, financial account numbers, and health insurance policy numbers (collectively, "PII").

2.     This information was compromised in a massive security breach (the "Breach") of Refresco's network systems that was publicly disclosed on November 9, 2023. According to a letter sent by Refresco to Plaintiff and other affected individuals, Refresco learned of the Breach on May 14, 2023, approximately six (6) months prior to sending notice to those affected.

3.     As a result, Plaintiff and other affected Class Members have been deprived of the opportunity to quickly take the necessary measures to protect their PII and minimize potential harm.

## PARTIES

4.     Plaintiff Anna V. Alonzo resides in Lakewood, New Jersey. Plaintiff was employed by Refresco at the time of the Breach in May of 2023.

5.     Refresco is a Netherlands corporation with a North American principal place of business at 8112 Woodland Center Blvd, Tampa, Florida.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005, because the matter

in controversy exceeds $5 million, exclusive of interests and costs, and is a class action in which some members of the Class are citizens of states different than Refresco. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.      This Court has personal jurisdiction over Refresco because Refresco has sufficient minimum contacts with the state of New Jersey by way of the business it conducts in New Jersey. Refresco avails itself to the laws of New Jersey through the business it conducts, accordingly, this Court has general personal jurisdiction of Refresco.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

### Defendant Refresco Experiences a Cyber Attack

9.      Refresco is a global independent beverage solutions provider operating in Europe, North America, and Australia. Globally, Refresco employs more than 10,000 people.[1]

10.     Plaintiffs and the Class Members, comprising both employees of Refresco and their spouses, trusted Refresco to safeguard their PII. Refresco owes

---

[1] https://careers.refresco.com/content/Who-we-are/?locale=en_US (last visited November 27, 2023).

Plaintiff and the Class Members a duty to use reasonable care to protect their PII from unauthorized access.

11.    On May 14, 2023, Refresco learned that it had experienced a "cybersecurity incident" involving its North American network systems.

12.    Upon information and belief, the Breach affected upwards of 25,170 individuals.

13.    On November 9, 2023, Refresco distributed a letter to the affected individuals warning them that their highly sensitive PII had been compromised. Refresco's announcement came nearly six (6) months *after* the Breach occurred.

14.    As a result of the delay, Refresco prevented Plaintiff and the Class Members from taking important protective measures to ensure their PII was safe. Refresco has provided no explanation for the delay in notifying Plaintiff and the Class Members.

15.    The PII subject to the breach contains sensitive information. By way of example but not limitation, Refresco identified the following as the information stolen in the Breach: Social Security numbers, financial account numbers, full names, home addresses, dates of birth, driver's license numbers, health insurance policy numbers, and certain health information as provided in connection with workers' compensation and/or ADA accommodations proceedings.

16.    Indeed, this PII is incredibly valuable because it is essential to conduct

everyday business – from applying for employment or government benefits, to securing financing for major purchases such as a home or a vehicle. In the wrong hands, it can allow a person to commit harmful and serious crimes such as financial fraud and identity theft.

**Refresco Had Inadequate Measures in Place to Prevent the Breach**

17.    Refresco is, and at all relevant times has been, aware the PII it collects and maintains on behalf of its employees is highly sensitive and could be used for nefarious purposes by unauthorized third parties.

18.    Despite that knowledge, Refresco's safeguards were inadequate and failed on or around May 14, 2023. Refresco characterized the attack as a "cyber incident," and seemingly attempted to downplay the seriousness of the Breach in its letter sent to Plaintiff and Class Members six (6) months after the Breach occurred.

19.    Refresco knew or should have known that its systems were vulnerable to an attack such as this, and should have (but did not) take extensive measures to safeguard its employees PII.

**Refresco Falls Short of FTC Compliance with Regard to Confidential Consumer Data Security**

20.    Refresco, through its failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data, has violated Section 5 of the Federal Trade Commission Act of 1914 ("FTC Act"), 15 U.S.C. § 45.

21.    First published in 2007, but updated in 2016, The Federal Trade Commission's ("FTC") document "Protecting Personal Information: A Guide for Business" highlights the importance of having a data security plan, regularly assessing risks to computer systems, and implementing safeguards to control such risks. Thes guidelines advise business to take the following steps to establish reasonable data security practices" protect the personal customer information that they keep; properly dispose of personal information that is no longer needed; encrypt information stored on computer networks; understand their network's vulnerabilities; and implement policies and procedures for installing vendor-approved patches to correct security problems. The guidelines also recommend that business consider using an intrusion detection system to expose a breach as soon as it occurs; monitor all incoming traffic for activity indicating someone may be trying to hack the system; watch for large amounts of data being transmitted from the system; and have a response plan ready in the event of a breach.[2]

22.    According to the FTC, the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45.

---

[2] FEDERAL TRADE COMMISSION, Protecting Personal Information: A Guide for Business (Nov. 2011), available https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf (last accessed November 27, 2023).

23.    The FTC has issued orders against businesses that violated the FTC Act by failing to employ reasonable measures to secure consumer PII. Not only do these orders serve as enforcement mechanisms, but they also provide further guidance to business with regard to their data security obligations.

24.    Refresco, well-aware of their obligations to implement fair and reasonable safeguards to protect employees' PII under the FTC Act, has fallen short of fulfilling these responsibilities and exposed its employees to high-risk data breaches.

**Refresco's Response to the Data Breach is Insufficient**

25.    The untimely and inadequate notification of the Breach has damaged Plaintiff and Class Members. Refresco should have timely disclosed to Plaintiff and Class Members that their PII was compromised. A timely disclosure would have allowed Plaintiff and Class Members to take appropriate measures to monitor and protect their PII.

26.    In addition, Refresco's offer of two years of free credit monitoring is inadequate. Data thieves will be aware of the temporal scope of the protection offered to Plaintiff and the Class Members and can simply wait out the time as is the practice of such cyber criminals.

27.    Refresco's proposed remedy does nothing to protect 25,170 employees who had their PII exposed to criminals, and does not ensure protection from fraud

going forward.

28.    Indeed, Refresco's employees' stolen PII may also be sold on the "dark web" at some undetermined point in the future.

29.    Credit monitoring and identity theft protection does not prevent actual fraud. Because cyber criminals can use the PII from the Breach to drain bank accounts, steal tax refunds, or open utility accounts, Plaintiff and Class Members still must employ heightened scrutiny to ensure that their PII is not being misappropriated. These are the harms that Plaintiff and Class Members can suffer far into the future, long after Refresco stops providing its employees credit monitoring or identity theft protection.

30.    Furthermore, Refresco's failure to adequately protect its customers' PII had resulted in customers having to undertake various tasks (e.g., obtaining credit monitoring, checking, credit reports, motoring accounts, etc.) that require time and effort that they would otherwise not have expended on these efforts. At the same time, Refresco has withheld important details about the Breach as it conducts its investigation and is putting the burden on its employees to discover possible fraudulent transactions.

31.    All of this translates into, according to the Department of Justice, victims of "misuse of. . . personal information to open a new account or conduct other fraud," the exact type of fraud to which Refresco has exposed its employees,

"spen[ding] a mean of 7 hours resolving the problems.[3]

## CLASS ACTION ALLEGATIONS

### Class Action Under Fed. R. Civ. P. 23

32.    This action is brought by Plaintiff as a class action pursuant to Fed. R. Civ. P. 23(b)(3), (b)(2), (b)(3) and (c)(4) and for all claims asserted herein, on behalf of herself and the following, initially defined, Nationwide Class:

> All United States residents whose personal identifiable information was accessed without authorization in the data breach announced by Refresco in November of 2023 (the "Nationwide Class").

33.    Pursuant to Fed. R. Civ. P. 23, and in the alternative and/or in addition to claims asserted on behalf of the Nationwide Class, Plaintiff Anna V. Alonzo asserts claims under the laws of the state of New Jersey, on behalf of a separate New Jersey Class defined as follow:

> All persons residing in New Jersey whose personal identifiable information was accessed without authorization in the data breach announced by Refresco in November of 2023 (the "New Jersey Class").

34.    Excluded from each of the above classes are Refresco and any of its affiliates, parents or subsidiaries; all employees of Refresco; all persons who make a timely election to be excluded from the respective classes; government entities; all counsel for Plaintiffs and Refresco; and the judges to whom this case is assigned and

---

[3] https://bjs.ojp.gov/document/vit21.pdf

their immediate family and court staff.

35.    Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

36.    Each of the proposed classes meets the criteria for certification under Rule 23(a), (b)(2), (b)(3) and (c)(4).

37.    **Numerosity** – Although the exact number of Class members is uncertain and can only be ascertained through appropriate discovery, including discovery of Defendant's records, the Class is so numerous that the joinder of all members is impracticable as approximately 25,170 persons were affected. The Class is comprised of an easily ascertainable set of persons during the Class Period from Refresco's own records.

38.    **Commonality & Predominance** – There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. Questions of law and fact are common to all Class members because, *inter alia*, this action concerns Defendants' common business policies, as described herein, these common questions of law and fact include, without limitation:

    a.  Whether Refresco engaged in the conduct as alleged herein;

    b.  Whether Refresco had a duty to protect PII;

c.  Whether Refresco used reasonable or industry standard measures to protect Class Member's PII, particularly in light of the measures recommended by data security experts;

d.   Whether Refresco adequately or properly segregated its network so as to protect employee PII;

e.  Whether Refresco knew or should have known prior to the Breach that its network was susceptible to a potential data breach;

f.  Whether Refresco's failure to implement data security measures allowed the breach to occur;

g.  Whether Refresco was negligent in failing to implement reasonable and adequate security procedures and practices;

h.  Whether Refresco should have notified the Class that it failed to use reasonable and best practices, safeguards, and data security measures to protect employees' PII;

i.  Whether Refresco should have notified class members that their PII would be at risk of unauthorized disclosure;

j.  Whether Refresco intentionally failed to disclose material information regarding its security measures, the risk of data interception, and the Breach;

k.  Whether Refresco's acts, omissions, and nondisclosures were

intended to deceive Class Members;

l.  Whether Refresco's conduct violated the laws alleged;

m. Whether Refresco's conduct, including its failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of the PII of Plaintiff and the Class Members'

n.  Whether Plaintiff and the Class Members are entitled to restitution, disgorgement, and other equitable relief; and

o.  Whether Plaintiff and the Class Members are entitled to recover actual damages, statutory damages, and punitive damages.

39.    **Typicality** – Plaintiff's claims are typical of the claims of the Class members in that Plaintiff, like all Class members, were caused harm by Refresco's failure to adequately protect its employees' PII.

40.    **Adequacy of Representation** – Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are experienced in consumer class-action litigation. Plaintiff has no interests which are adverse to, or in conflict with, other members of the Class.

41.    **Superiority of Class Action** – A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Moreover, absent a class action, most Class members

would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants. In contrast, a class action presents far fewer management difficulties, conserves judicial as well as the parties' resources and protects the rights of each Class member. The damages suffered by Plaintiffs and the Class members are relatively small compared to the burden and expense required to individually litigate their claims against Refresco, and thus, individual litigation to redress Refresco's wrongful conduct would be impracticable.

### Injunctive and Declaratory Relief

42.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) and (c). Defendant, through its uniform conduct, has acted or refused to act on grounds generally applicable to the Class as a whole, making injunctive and declaratory relief appropriate to the Class as a whole.

43.    Particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

      a.  Whether Refresco failed to timely notify the public of the Breach;

b.  Whether Refresco owed a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding their PII;

c.  Whether Refresco's security measures were reasonable in light of data security recommendations, and other measures recommended by data security experts;

d.  Whether Refresco failed to adequately comply with industry standards amounting to negligence;

e.  Whether Refresco failed to take commercially reasonable steps to safeguard the PII of Plaintiff and the class members; and,

f.  Whether adherence to data security recommendations and measures recommended by data security experts would have reasonably prevented the Data Breach.

44.    Finally, all members of the proposed classes are readily ascertainable. Refresco has access to information regarding the Data Breach, the time period of the Data Breach, and which individuals were potentially affected. Using this information, the members of the class can be identified and their contact information ascertained for purposes of providing notice to the class members.

## COUNT I

### NEGLIGENCE
*(On Behalf of Plaintiff and the Nationwide Class,
or, Alternatively, Plaintiff and the New Jersey Class)*

45.     All previous paragraphs are incorporated as though fully set forth herein.

46.     Upon accepting and storing the PII of Plaintiffs and the Class members in its computer systems and on its networks, Refresco undertook and owed a duty to Plaintiff and Class members to exercise reasonable care to secure and safeguard that information and to use commercially reasonable methods to do so. Refresco knew that the PII was private and confidential and should be protected as private and confidential.

47.     Refresco owed a duty of care to not subject Plaintiff, along with her PII, and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

48.     Refresco owed numerous duties to Plaintiff and to the Class Members including the following:

　　　　a.  to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting PII in its possession;

　　　　b.  to protect PII using reasonable and adequate security procedures and systems that are compliant with industry-standard practices; and

c.  to implement processes to quickly detect a data breach and to timely act on warning about data breaches.

49.    Refresco also breached its duty to Plaintiff and the Class Members to adequately protect and safeguard PII by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII. Furthering their dilatory practices, Refresco failed to provide adequate supervision and oversight of the PII which they were and are entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third party to gather PII of Plaintiff and Class Members, misuse the PII and intentionally disclose it to others without consent.

50.    Refresco, knew or should have known, of the risks inherent in collecting and storing PII, the vulnerabilities if its data security systems, and the importance of adequate security. Refresco knew about well-publicized data breaches, yet still failed to protect its employees PII.

51.    Refresco knew, or should have known, that its data systems and networks did not adequately safeguard Plaintiff's and Class Members' PII.

52.    Refresco breached its duties to Plaintiff and Class Members by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard PII of Plaintiff and Class Members.

53.    Because Refresco knew that a breach of its systems would damage tens

16

of thousands of individuals, including Plaintiff and Class Members, Refresco had a duty to protect its data systems and the PII contained thereon.

54.     Refresco had a special relationship with Plaintiff and Class Members, Plaintiff's and Class Members' willingness to entrust Refresco with their PII was predicated on the understanding that Refresco would take adequate security precautions. Further, only Refresco had the ability to protect its systems and the PII it stored on them from attack.

55.     Refresco's own conduct also created a foreseeable risk of harm to Plaintiff and Class Members and their PII. Refresco's misconduct included failing to: (1) secure its systems, despite knowing their vulnerabilities, (2) comply with industry standard security practices, (3) implement adequate system and event monitoring, and (4) implement the systems, policies, and procedures necessary to prevent this type of data breach.

56.     Refresco also had independent duties under state and federal laws that required Refresco to reasonably safeguard Plaintiff's and Class Members' PII and promptly notify them about the data breach.

57.     Refresco breached its duties to Plaintiff and the Class Members in numerous ways including:

    a.  by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard PII of Plaintiff and Class

Members;

    b. by creating a foreseeable risk of harm through the misconduct previously described;

    c. by failing to implement adequate security systems, protocols and practices sufficient to protect Plaintiff's and Class Members' PII both before and after learning of the Breach;

    d. by failing to comply with the minimum industry standards during the period of the Breach; and

    e. by failing to timely and accurately disclose that Plaintiff's and the Class Members' PII had been improperly acquired or accessed.

58.     Through Refresco's acts and omissions described in this Complaint, including Refresco's failure to provide adequate security and its failure to protect PII of Plaintiff and Class Members from being foreseeably captured, accessed, disseminated, stolen and misused, Refresco unlawfully breached its duty to use reasonable care to adequately protect and secure PII of Plaintiff and Class Members during the time it was within Refresco's possession or control.

59.     The law further imposes an affirmative duty on Refresco to timely disclose the unauthorized access and theft of the PII to Plaintiff and the Class so that Plaintiff and Class Members can take appropriate measures to mitigate damages, protect against adverse consequences, and thwart future misuse of their PII.

60.    Refresco breached its duty to notify Plaintiff and Class Members of the unauthorized access by waiting many months after learning of the breach to notify Plaintiff and Class Members and then by failing to provide Plaintiff and Class Members information regarding the Breach until November 2023.

61.    Through Refresco's acts and omissions described in this Complaint, including Refresco's failure to provide adequate security and its failure to protect PII of Plaintiff and Class Members from being foreseeably captured, accessed, disseminated, stolen, and misused, Refresco unlawfully breached its duty to use reasonable care to adequately protect and secure PII of Plaintiff and Class Members during the time it was within Refresco's possession or control.

62.    Further, through its failure to provide timely and clear notification of the Breach to its employees, Refresco prevented Plaintiffs and Class Members from taking meaningful, proactive steps to secure their financial data and bank accounts.

63.    Upon information and belief, Refresco improperly and inadequately safeguarded PII of Plaintiff and Class Members in deviation of standard industry rules, regulations, and practices at the time of the unauthorized access. Refresco's failure to take proper security measures to protect sensitive PII of Plaintiff and Class Members, as described in this Complaint, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access of PII of Plaintiff and the Class Members.

64.    Refresco's conduct was grossly negligent and departed from all reasonable standards of care. Including but not limited to: failing to adequately protect the PII; failing to conduct regular security audits; failing to provide adequate and appropriate supervision of persons having access to the PII of Plaintiff and Class Members; and failing to provide Plaintiff and Class Members with timely and sufficient notice that their sensitive PII had been compromised.

65.    Neither plaintiff nor other Class Members contributed to the Breach and subsequent misuse of their PII as described in this Complaint.

66.    As a direct and proximate cause of Refresco's conduct, Plaintiff and the Class suffered damages including, but not limited to: damages arising from the unauthorized charges on their debit or credit cards or on cards that were fraudulently obtained through the use of PII of Plaintiff and Class Members; damages arising from Plaintiff's inability to use their debit or credit cards because those cards were cancelled, suspended, or otherwise rendered unusable as a result of the Breach and/or false or fraudulent charges stemming from the Breach, including, but not limited to, late fees charges and foregone cash back rewards; and/or damages from lost time and effort to mitigate the actual and potential impact of the Breach on their lives including, *inter alia*, by placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, closely reviewing and monitoring their credit reports and accounts for unauthorized

activity, and filing police reports and damages from identity theft, which may take months if not years to discover and detect, given the far-reaching, adverse and detrimental consequences of identity theft and loss of privacy. The nature of the other forms of economic damage and injury may take years to detect, and the potential scope can only be assessed after a thorough investigation of the facts and events surrounding the theft mentioned above.

## COUNT II

### NEGLIGENCE PER SE
### *(On Behalf of Plaintiff and the Nationwide Class, or, Alternatively, Plaintiff and the New Jersey Class)*

67.    All previous paragraphs are incorporated as though fully set forth herein.

68.    Section 5 of the FTC Act prohibits "unfair . . . practice in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Refresco, or failing to use reasonable measures to protect PII. 15 U.S.C. § 45(a)(1). The FTC publications and orders described above also form part of the basis for Refresco's duty in this regard.

69.    Refresco violated section 5 of the FTC Act by failing to use reasonable measures to protect PII and not complying with applicable industry standards, as described in detail herein. Refresco's conduct was particularly unreasonable given the nature and amount of PII it obtained and stored, and the foreseeable

consequences of a data breach at a corporation such as Refresco, including, specifically, the immense damages that would result to Plaintiff and Class Members.

70.    Refresco's violation of Section 5 of the FTC Act constitutes negligence per se.

71.    Plaintiff and Class Members are within the class of persons that the FTC Act was intended to protect.

72.    The harm that occurred as a result of the Breach is the type of harm the FTC Act was intended to guard against. The FTC has pursued enforcement actions against businesses, which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and the Class.

73.    As a direct and proximate result of Refresco's negligence per se, Plaintiffs and the Class Members have suffered , and continue to suffer, injuries and damages including, but not limited to: damages arising from the unauthorized charges on their debit or credit cards or on cards that were fraudulently obtained through the use of PII of Plaintiff and Class Members; damages arising from Plaintiff's inability to use their debit or credit cards because those cards were cancelled, suspended, or otherwise rendered unusable as a result of the Breach and/or false or fraudulent charges stemming from the Breach, including, but not limited to, late fees charges and foregone cash back rewards; and/or damages from lost time

22

and effort to mitigate the actual and potential impact of the Breach on their lives including, *inter alia*, by placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, closely reviewing and monitoring their credit reports and accounts for unauthorized activity, and filing police reports and damages from identity theft, which may take months if not years to discover and detect, given the far-reaching, adverse and detrimental consequences of identity theft and loss of privacy.

74.    Refresco's breach of its duties provided the means for third parties to access, obtain, and misuse the PII of Plaintiff and the Class Members without authorization. It was reasonably foreseeable that such breaches would expose the PII to criminals and other unauthorized access.

75.    Refresco's breach of its duties has directly and proximately injured Plaintiff and Class Members, including by foreseeably causing them to expend time and resources investigating the extent to which their PII has been compromised, taking reasonable steps to minimize the extent to which their breach puts their credit, reputation, and finances at risk, and taking reasonable steps (now or in the future) to redress fraud, identity theft, and similarly foreseeable consequences of unauthorized and criminal access to their PII.

76.    Plaintiffs and the Class Members are entitled to damages in an amount to be proven at trial.

## COUNT III

### BREACH OF IMPLIED CONTRACT
*(On Behalf of Plaintiff and the Nationwide Class,
or, Alternatively, Plaintiff and the New Jersey Class)*

77.    All previous paragraphs are incorporated as though fully set forth herein.

78.    Plaintiff and Class Members who gave their PII to Refresco during the period in which the Breach occurred has implied contracts with Refresco.

79.    Specifically, Plaintiff and Class Members entered their PII into Refresco's systems to obtain services from Refresco. In exchange, Refresco agreed, among other things,: (1) to provide various services to Plaintiff and Class Members; (2) to take reasonable measures to protect the security and confidentiality of Plaintiff's and Class Members' PII; and (3) to protect Plaintiff's and Class Members' PII in compliance with federal and state laws and regulations and industry standards.

80.    Protection of PII is a material term of the implied contracts between Plaintiff and Class Members, on the one hand, and Refresco, on the other hand. Had Plaintiff known that Refresco would not adequately protect its employees' PII, they would not have given their PII to Refresco.

81.    Refresco did not satisfy its promises and obligations to Plaintiff and the Class Members under the implied contracts because it did not take reasonable measures to keep their PII secure and confidential, and did not comply with

applicable laws, regulations, and industry standards.

82.    Refresco materially breached its implied contracts with Plaintiff and Class Members by failing to implement adequate security measures.

83.    Plaintiff and Class members fully performed their obligations under their implied contracts with Refresco.

84.    Refresco's failure to satisfy its obligations led directly to the successful intrusion of Refresco's computer servers and stored data and led directly to unauthorized parties' access to and exfiltration of Plaintiff's and Class Members' PII.

85.    As a result of Refresco's failure to implement necessary security measures, Plaintiff and Class Members have suffered actual damages resulting both from the theft of their PII and remain at imminent risk of suffering additional damages in the future.

86.    Accordingly, Plaintiff and Class Members have been injured as a proximate result of Refresco's breaches of implied contracts and are entitled to damages and/or restitution in an amount to be proven at trial.

## <u>COUNT IV</u>

### **VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT**
### *<u>(On Behalf of Plaintiff and the New Jersey Class)</u>*

87.    All previous paragraphs are incorporated as though fully set forth herein.

88.    Refresco, while operating New Jersey, engaged in unconscionable commercial practices, deception, misrepresentation, and the knowing concealment, suppression, and omission of material facts with the intent that others rely on such concealment, suppression, and omission, in connection with the sale and advertisement of services, in violation of N.J.S.A. § 56:8-2. This includes:

a.  Collecting, sorting, and using vast quantities of highly sensitive PII concerning consumers in an online, aggregated form over which the consumers themselves exercise no control and which Refresco failed to adequately protect from unauthorized and/or criminal access in violation of statutory and industry standards and its assurances to the public and to the individuals that provide the PII to Refresco;

b.  Failing to employ technology and systems to promptly detect unauthorized access to the PII with which it was entrusted;

c.  Unreasonably delaying giving notice to consumers after it became aware of unauthorized access to the PII;

d.  Knowingly and fraudulently failing to provide accurate, timely information to consumers about the extent to which their PII has been compromised; and

e.  Knowingly and fraudulently placing unreasonable and unlawful

terms and conditions on consumers obtaining information about the extent to which their PII has been compromised.

89.    Refresco's breach of its duties has directly and proximately caused Plaintiff and the New Jersey Class to suffer an ascertainable loss of money and property, including the loss of their PII, and foreseeably causing them to expend time and resources investigating the extent to which their PII has been compromised, taking reasonable steps to minimize the extent to which the breach puts their credit, reputation, and finances at risk, and taking reasonable steps (now  or in the future) to redress fraud, identity theft, and similarly foreseeable consequences of unauthorized and criminal access to their PII.

90.    The above unlawful and deceptive acts and practices by Refresco were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff and the New Jersey Class that they could not reasonably avoid. This substantial injury outweighed any benefits to consumers or to competition.

91.    Refresco knew or should have known that its computer systems and security practices were inadequate to safeguard Plaintiff's and the New Jersey Class Members' PII and that risk of a data breach or theft was highly likely. Refresco's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful.

92.    Plaintiff and the New Jersey Class seek relief under N.J.S.A. § 56:8-19,

including, but not limited to, injunctive relief, other equitable actual damages (to the proven at trial), treble damages, and attorneys' fees and costs.

## COUNT V

### DECLARATORY JUDGMENT
*(On Behalf of Plaintiff and the Nationwide Class,*
*or, Alternatively, Plaintiff and the New Jersey Class)*

93.    All previous paragraphs are incorporated as though fully set forth herein.

94.    As previously alleged, Plaintiff and Class Members entered into an implied contract that required Refresco to provide adequate security for the PII it collected from its employees. As previously alleged, Refresco owes duties of care to Plaintiff and Class Members that require it to adequately secure PII.

95.    Refresco still possesses PII pertaining to Plaintiffs and Class Members.

96.    Refresco has made no announcement that it has remedied the vulnerabilities in its computer data systems, and, most importantly, its systems.

97.    Accordingly, Refresco has not satisfied its contractual obligations and legal duties to Plaintiffs and Class members. In fact, now that Refresco's lax approach towards data security has become public, the PII in its possession is more vulnerable than previously.

98.    Actual harm has arisen in the wake of the Refresco Breach regarding Refresco's contractual obligations and duties of care to provide data security

measures to Plaintiff and Class Members.

99. Plaintiff therefore seeks a declaration that (a) Refresco's existing data security measures to not comply with its contractual obligations and duties of care, and (b) in order to comply with ins contractual duties of care, Refresco must implement and maintain reasonable security measures, including, but not limited to:

a. Engaging third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Refresco's systems on a periodic basis, and ordering Refresco to promptly correct any problems or issues detected by such third-party security auditors;

b. Engaging third-party security auditors and internal personnel to run automated security monitoring;

c. Auditing, testing, and training its security personnel regarding any new or modified procedures;

d. Segmenting PII by, among other things, creating firewalls and access controls so that if one are of Refresco is compromised, hackers cannot gain access to other portions of Refresco's systems;

e. Purging, deleting, and destroying in a reasonable secure manner PII not necessary for its provisions of services;

f. Conducting regular database scanning and securing checks;

g. Routinely and continually conducting internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; and

h. Educating its employees about the threats they face as a result of the loss of their financial and personal information to third parties, as well as the steps Refresco employees must take to protect themselves.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Class members, respectfully requests the Court grant the following relief:

A. Certification of the action as a class action under Rule 23 on behalf of the Classes;

B. Designation of Plaintiff as representative of the Classes;

C. Designation of Plaintiff's counsel as class counsel;

D. For equitable and injunctive relief enjoining Refresco from engaging in the wrongful conduct alleged herein concerning disclosure and inadequate protection of Plaintiffs' and the Classes' PII;

30

E.     An Order compelling Refresco to employ and maintain appropriate systems and policies to protect consumer PII and to promptly detect, and timely and accurately report, any unauthorized access to that data;

F.     For equitable, declaratory, and injunctive relief;

G.     For compensatory damages sustained by Plaintiffs and Class members;

H.     For payment of costs of suit herein incurred;

I.     For both pre-judgment and post-judgment interest on any amounts awarded;

J.     For punitive damages;

K.     For payment of reasonable attorneys' fees, expert fees, and expenses, as may be allowable under applicable law; and

L.     For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Anna V. Alonzo, on behalf of herself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

## CERTIFICATION

It is hereby certified pursuant to 28 U.S.C. § 1746 and pursuant to L.Civ.R. 11.2 that the matter in controversy is not presently the subject of any other action pending in any court or of an arbitration proceeding to date.

Dated: November 28, 2023      By:    */s/ Charles J. Kocher*
                                      Charles J. Kocher, Esq. (NJ ID 016952004)
                                      Tyler J. Burrell, Esq. (NJ ID 377942021)
                                      Gaetano J. DiPersia, Esq. (NJ ID 442152023)
                                      McOMBER McOMBER & LUBER, P.C.
                                      50 Lake Center Drive, Suite 400
                                      Marlton, NJ 08053
                                      (856) 985-9800
                                      cjk@njlegal.com
                                      tjb@njlegal.com
                                      gjd@njlegal.com

                                      *Attorneys for Class Representative Plaintiff*
                                      *Anna V. Alonzo, for herself and all others*
                                      *similarly situated for the Rule 23(b)(3) Class*